[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the defendant Planning and Zoning Commission, denying an application for a special permit to deposit approximately three thousand (3000) cubic yards of fill material on four acres of property located on the north side of Crane Hill Road in the Town of Mansfield owned by the plaintiff Corporation.
The plaintiff alleges that the action of the defendant Board was illegal, arbitrary, and capricious in one or more of the following respects:
a) There is no reasonable support in the record for the action of the Commission or for the stated reasons for its action;
b) The plaintiff's application met all the requirements for the Special Permit as set forth in the Mansfield Zoning Regulations; and
c) The action of the defendant Commission was actually based upon unlawful reasons, beyond the scope of the applicable regulation.
At the Court hearing held on October 12, 1990 the Court heard evidence concerning aggrievement. Mr. Richard W. Lee, President of the plaintiff corporation testified that the plaintiff has title to the four acres in question and that the corporation plans to subdivide the acreage into two building lots if all approvals can be obtained.
Based on the testimony the Court finds that the CT Page 3702 plaintiff is an "aggrieved" party within the purview of the statutes Section 8-8 and Section 8-9 and has standing to take the appeal.
A public hearing on the application was held by the defendant on July 17, 1989 and continued to August 7, 1989. On September 18, 1989 the defendant voted to deny the application for the following reasons:
1. Article V, Section B.5b — the proposed use does not provide for the environmentally sensitive areas as noted by the IWA (Inland Wetlands Agency) denial of the application;
2. Article V, Section B.5d and b — the proposed use does not give proper consideration to the proper use of the site's natural features. In addition, this is not considered to be compatible with the Plan of Development; regarding development on property with physical limitation.
The plaintiff has attacked all three reasons given by the Board as a basis for the denial. The plaintiff concedes in its brief that even if only one reason can be justified the appeal can be denied but that the decision should not be sustained if none of the reasons supports the action of the Board.
In reviewing the reasons for denial the plaintiff claims that there was sufficient evidence to prove that the proposed use does provide for the protection of the environmentally sensitive areas. It points to the extensive testimony throughout the transcript of the public hearing including specifically the testimony of the plaintiff's engineer. It points out that the application was approved by the Tolland County Soil and Water Conservation District, Inc. and the recommendation of the assistant town engineer recommending approval of the fill permit. The further approval of the Health Officer is also noted.
The defendant claims that under the Mansfield Zoning Regulations and Section 8-3c of the Connecticut General Statutes the defendant must withhold its decision on the special permit applications until the Inland Wetlands Agency has submitted a report with its final decision.
The composition of the defendant members is the same as that of the Inland Wetlands Agency. On September 6, 1989 the Mansfield Inland Wetlands Agency voted to deny the application of Madrid Corporation for work within the regulated area on Crane Hill Road. See Madrid Corporation v. CT Page 3703 Town of Mansfield Inland Wetlands Agency, et al, Superior Court, Tolland County at Rockville, docket number 43629. Section 8-3c(b) states, in part, ". . . . In making its decision the. . . . commission shall give due consideration to the report of the Inland Wetlands Agency. . ."
The defendant has complied with this requirement; the Inland Wetlands Agency did not recommend approval of the permit. Since the defendant Board is obligated by statute to consider this fact of denial and used it as a reason for its own denial, the appeal cannot prevail.
Judgment may enter for the defendant Board.
Jackaway, J.